**UNITED STATES of America,
Appellee,**

v.

**Claudis Darnell ALEXANDER,
Jr., Appellant.**

**No. 01–3207.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 22, 2002.

Decided March 27, 2002.

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Claudis Darnell Alexander, Jr., appeals from a 3–year extension of his supervised release, which the district court imposed after Alexander already had served 3 years of supervised release following a bank fraud conviction.

We reject Alexander's contention that the court abused its discretion by premising the extension on his inability to pay restitution as ordered. *See* 18 U.S.C. § 3583(e)(2) (authorizing court to extend supervised release when "less than the maximum authorized term was previously imposed"); *United States v. Grimes*, 54 F.3d 489, 492 (8th Cir.1995) (standard of review).

We remand, however, for the limited purpose of setting a supervised release term within the 5–year range permitted by statute. *See* 18 U.S.C. § 1344 (authorizing not more than 30 years' imprisonment for bank fraud); 18 U.S.C. § 3559(a)(2) (Class B felony is offense for which maximum term of imprisonment is 25 years or more); 18 U.S.C. § 3583(b)(1) (Class B felons cannot receive more than 5 years' supervised release); *United States v. Fuentes-Mendoza,* 56 F.3d 1113, 1115 (9th Cir.1995) (reading § 3583(e)(2) to mean that defendant's supervised release term can be extended only up to maximum originally allowable term), *cert. denied,* 516 U.S. 925, 116 S.Ct. 326, 133 L.Ed.2d 227 (1995).

The judgment of the district court is vacated, and the case is remanded with instructions to reduce Alexander's extension term to no more than 2 years. In all other respects, the judgment is affirmed.

A true copy.